UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Rudolph Betancourt, Individually,

        Plaintiff,

v.

SRM Properties LLC, a Wyoming limited liability company,

        Defendant.

_____/

Case No. 2:18-cv-10001

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, RUDOLPH BETANCOURT, Individually, (sometimes referred to as "Plaintiff") hereby sues the Defendant, SRM Properties LLC, a Wyoming limited liability company for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, RUDOLPH BETANCOURT, is an individual residing in Fenwick, MI, in the County of Montcalm, formerly of Flint Township Michigan and continuing to own real estate therein, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

2. Defendant, SRM PROPERTIES LLC, owns property commonly known as the Knights Inn Grand Blanc and is located at 2435 W Grand Blanc Rd, Grand Blanc, MI 48439 in Genesee County.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Michigan because venue lies in the

    judicial district of the property situs. The Defendant's property and business is located in and do business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff is a United States Marine Corps veteran and leg amputee and uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On or about August 27, 2016, Plaintiff was an overnight guest on the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

7. Plaintiff lives in Fenwick, Michigan, but until recently lived in Flint Township, Michigan where he continues to own rental real estate and his property is in close proximity to the property subject of this Complaint. **Rudolph Betancourt** frequents many establishments in the Genesee County region, returns regularly to manage his rental property and has been an overnight guest at the hotel property that forms the basis of this lawsuit. During the Plaintiff's visits to Defendant's hotel he encountered architectural barriers at the subject property's common areas and in the restaurants located therein that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access,

or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a bona fide hotel guest and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is a hotel known as the Knights Inn Grand Blanc located at 2435 W Grand Blanc Rd, Grand Blanc, MI 48439 in Genesee County.

10. RUDOLPH BETANCOURT has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 12 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. RUDOLPH BETANCOURT desires to visit the hotel not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment

of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the hotel has shown that violations exist. These violations include, but are not limited to:

Parking Area and Accessible Routes

A. There are an insufficient number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

B. Accessible parking adjacent access aisles do not lead to an accessible route, in violation of the ADA, whose remedy is readily achievable.

C. The parking facility has broken asphalt, pot holes and vertical changes in level creating an uneven surface in violation of Section 502.4 of the 2010 Standards, in violation of the ADA, whose remedy is readily achievable.

D. There is no accessible route from the hotel to the parking spaces due to a dangerous and non-compliant ramp, in violation of the ADA whose remedy is readily achievable.

E. There are cracks and changes in level in excess of ¼ inch along the accessible route to access the hotel, in violation of the ADA, whose remedy is readily achievable.

F. The accessible route to access the hotel has excess slope, in violation of the ADA, whose remedy is readily achievable.

G. The facility does not maintain the elements that are required to be readily accessible and useable by persons with disabilities, in violation of the ADA whose remedy is readily achievable.

H. There is not a compliant accessible route from some of the site arrival points to the facility entrances they serve, in violation of the ADA whose remedy is readily achievable.

I. There is not a continuous accessible route connecting all accessible buildings, accessible elements, and accessible spaces that are on the same site, in violation of the ADA whose remedy is readily achievable.

J. There are changes in level and surface slopes at the entrance doors, which does not provide the required maneuvering clearance for a level landing, in violation of the ADA whose remedy is readily achievable.

K. The threshold at the doorway to the designated accessible guestrooms exceeds ½ inches in height, in violation of the ADA, whose remedy is readily achievable.

Designated Mobility Accesible Guest Room #129

L. The curtain adjuster requires tight grasping and twisting, in violation of the ADA, whose remedy is readily achievable.

M. There is no compliant in-tub seat for the designated accessible guestroom bathroom, in violation of the ADA, whose remedy is readily achievable.

N. The lavatory lacks required knee and toe clearance, in violation of the ADA, whose remedy is readily achievable.

O. The mirror is mounted in excess of allowable height above the finish floor, in violation of the ADA, whose remedy is readily achievable.

P. The grab bars around the water closet are missing or non-compliant, in violation of the ADA, whose remedy is readily achievable.

Q. There is no shower spray unit located in the designated accessible guestroom bathroom, in violation of the ADA whose remedy is readily achievable.

R. The door to the restroom requires tight-grasping or twisting, in violation of the ADA, whose remedy is readily achievable.

S. There is insufficient latch-side clearance to exit the designated accessible guestroom due to the placement of furniture, in violation of the ADA, whose remedy is readily achievable.

T. The viewing hole on the entrance door exceeds the allowable height, in violation of the ADA, whose remedy is readily achievable.

U. The heating and cooling unit controls require tight-grasping or twisting to operate, in violation of the ADA, whose remedy is readily achievable.

V. The locking chain on the door is mounted above the required reach range, in violation of the ADA, whose remedy is readily achievable.

Guest Rooms

W. There are transient lodging guest rooms at this facility that do not provide mobility features pursuant to Sections 224.1, 806.1 and 806.2 of the 2010 Standards, in violation of the ADA whose remedy is readily achievable.

X. Upon information and belief, there are an insufficient number of designated accessible guestrooms with mobility features, in violation of the ADA whose remedy is readily

achievable.

Y. Upon information and belief, there are no designated accessible guestrooms with roll-in showers, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

Z. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

13. The discriminatory violations described in paragraph 12 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. The Knights Inn Grand Blanc, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his

     disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys' fees and costs of maintaining this action.

<u>**COUNT II**</u>
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301 et seq.**

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The Knights Inn Grand Blanc and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

21. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges, whereas, the defendant has represented its hotel to have accessible features but nearly all are installed without any regard to the requirements of law and safe operation and use by Mr. Betancourt and others with mobility impairments.

22. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)*
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone

(419) 241-9737 - Facsimile
valeriefatica@gmail.com
*admitted to practice E. Dist of Michigan